## Stanley Steffey by A. M. Steffey, Appellee, v. Henry Sandifer et al., Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Lawrence county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 13, 1916.

### Statement of the Case.

Action by Stanley Steffey, by his next friend, A. M. Steffey, plaintiff, against Henry Sandifer and others, directors and teacher of school district No. 24 of Lawrence county, Illinois, to recover damages for excluding him from a certain school. From a judgment for plaintiff for one hundred dollars against the directors only, defendants appeal.

There were two schoolhouses in the district, one near the west side called Birds schoolhouse and the other on the east side called the Ford schoolhouse. They both faced a public road running east and west through the district, and near the middle of the district A. M. Steffey lived on his farm with his wife and two minor children, one of them being the plaintiff. The house in which he lived, on the farm, was on the same road as the two schoolhouses and about two hundred feet further from the Ford school than it was from the Birds school. The Steffey children had been in the habit of attending the Birds school, but in the fall of 1914, in allotting the children of the district to the two schools, the directors drew an imaginary line north and south through the district and allotted the children east of the line to the Ford school and those west to the Birds school. This line ran west of plaintiff's home and his father was notified to send his children to the Ford school. The father objected to this and sent his children to the Birds school when it

Steffey v. Sandifer, 202 Ill. App. 604.

opened in September. After a time the teacher refused to teach plaintiff and later, in October, his father moved with his family to a small house in the village of Birds not far from the Birds schoolhouse and within the territory set apart for pupils of that school. The directors, however, appear to have insisted that the removal was not made in good faith or intended to be permanent and, under their direction, the teacher still refused to give instruction to plaintiff. This condition of affairs continued until the latter part of January, 1915, when this action was begun against the directors and teacher.

McGaughey & Tohill and George W. Lackey, for appellants.

S. J. Gee and P. W. Barnes, for appellee.

Mr. Presiding Justice Higbee delivered the opinion of the court.

## Abstract of the Decision.

1. Schools and school districts—*when declaration in action for wrongful exclusion from nearest school is sufficient.* Where, in an action by a minor against the directors of a school district and teacher to recover damages for excluding him from a certain school, the declaration charged that the defendants had denied plaintiff the right of an education in a certain school in said district and that such denial "was from the wilful and malicious and unlawful conduct to (plaintiff) by the said defendants so that (he) could be denied the use of the said school and instruction of the same," *held,* that the declaration contained a sufficient charge of wilfulness and maliciousness on the part of the defendants, and the court properly overruled a demurrer thereto.

2. Appeal and error, § 783*—*when bill of exceptions is insufficient.* A bill of exceptions which fails to state that it contains all of the evidence in the case, and the certificate of the trial judge thereto containing no statement with reference to the matter, is

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

insufficient to permit a review of the facts and the same is not cured by statements of counsel appearing in different portions of the bill of exceptions, or by a certificate by the official court reporter included in the record after the signature of the trial judge, as such certificate is no part of such bill.

3. APPEAL AND ERROR, § 1303*—*when presumed that verdict of jury is correct on facts.* There being no sufficient bill of exceptions in the record, it must be assumed that the verdict of the jury was correct upon the facts.

4. SCHOOLS AND SCHOOL DISTRICTS, § 175*—*when directors are not justified in excluding pupil from nearest school.* Where school directors drew an imaginary line between two schoolhouses in their district, and the parent of a pupil in one of said schools thereafter removed his residence to within a short distance of that school and within the territory allotted to it, his former residence being within the territory allotted by the directors to the other school, and the proofs in an action against said directors and the teacher for refusing to continue instruction to such pupil in said former school did not disclose any crowded condition of that school or any particular reason why it would be for the best interests of the district that said pupil should be removed to the other and distant school, or that said pupil had been guilty of any misconduct, *held,* that the directors were not justified in excluding the pupil from the school nearest him.